

1  LYNN HUBBARD, III, SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5

6  Attorneys for Plaintiff

7

8

9                  UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  BARBARA HUBBARD,                    No. **'08 CV 1384 LAB POR**

14        Plaintiff,

15        vs.                          **Plaintiff's Complaint**

16  SUNRISE BUFFET SAN YSIDRO,
17  INC. dba SUNRISE BUFFET; FS
    SAN YSIDRO,
18
19        Defendants.

20

21

22

23

24

25

26

27

28

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
Plaintiff's Complaint

Page 1

**FILED**

JUL 3 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

CR

## I. SUMMARY

1.    This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Sunrise Buffet
4550 Camino de la Plaza
San Ysidro, CA 92173
(hereafter "the Restaurant")

2.    Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against Sunrise Buffet San Ysidro, Inc. dba Sunrise Buffet and FS San Ysidro (hereinafter collectively referred to as "Sunrise Buffet") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7.    Sunrise Buffet owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
**Plaintiff's Complaint**

1    8.    Hubbard has multiple conditions that affect one or more major life

2  functions.  She requires the use of motorized wheelchair and a mobility-equipped

3  vehicle, when traveling about in public.  Consequently, Hubbard is "physically

4  disabled," as defined by all applicable California and United States laws, and a

5  member of the public whose rights are protected by these laws.

6                              V. FACTS

7    9.    The Restaurant is an establishment open to the public, intended for

8  nonresidential use and whose operation affects commerce.

9    10.    Hubbard visited the Restaurant and encountered barriers (both

10  physical and intangible) that interfered with—if not outright denied—her ability

11  to use and enjoy the goods, services, privileges, and accommodations offered at

12  the facility.   To the extent known by Hubbard, the barriers at the Restaurant

13  included, but are not limited to, the following:

14  • There is no accessible route from the public way to the Restaurant's

15    entrance;

16  • There is no tow away signage posted;

17  • The disabled parking spaces are not located in the closet available spaces;

18  • The disabled parking signage is incorrect – some signs use the word

19    "handicapped;"

20  • The van accessible signage is incorrect;

21  • The access aisles have slopes and cross slopes that exceed 2.0% due to the

22    encroaching built up curb ramp;

23  • The International Symbol of Accessibility ("ISA")painted in the disabled

24    stalls is too small;

25  • The cross slope of the sidewalk exceeds 2.0%;

26  • The entry door requires twisting, pinching, and/or grasping;

27  • There is no ISA posted at the entrance;

28  • There is no seating designated as being accessible to the disabled;

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
**Plaintiff's Complaint**

1   • There is no disabled seating;

2   • There is insufficient clear floor space along the route to the seating;

3   • The ISA at the restroom door is mounted too low;

4   • Due to the inward swing of the door, there is insufficient clear floor space

5      required to access the water closet;

6   • The door is not self closing;

7   • The side grab bar does not extend 24 inches from the front of the water

8      closet;

9   • The toilet tissue dispenser encroaches into the clear maneuvering space

10      required to access the water closet;

11   • The trash receptacle obstructs the use of the paper towel dispenser; and,

12   • The pipes underneath the lavatory are improperly and/or incompletely

13      wrapped.

14 These barriers prevented Hubbard from enjoying full and equal access.

15      11.    Hubbard was also deterred from visiting the Restaurant because she

16 knew that the Restaurant's goods, services, facilities, privileges, advantages, and

17 accommodations were unavailable to physically disabled patrons (such as

18 herself). She continues to be deterred from visiting the Restaurant because of the

19 future threats of injury created by these barriers.

20      12.    Hubbard also encountered barriers at the Restaurant, which violate

21 state and federal law, but were unrelated to her disability. Nothing within this

22 Complaint, however, should be construed as an allegation that Hubbard is

23 seeking to remove barriers unrelated to her disability.

24      13.    Sunrise Buffet knew that these elements and areas of the Restaurant

25 were inaccessible, violate state and federal law, and interfere with (or deny)

26 access to the physically disabled.  Moreover, Sunrise Buffet has the financial

27 resources to remove these barriers from the Restaurant (without much difficulty

28 or expense), and make the facility accessible to the physically disabled.  To date,

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
**Plaintiff's Complaint**

1    however, Sunrise Buffet refuses to either remove those barriers or seek an
2    unreasonable hardship exemption to excuse non-compliance.

3          14.    At all relevant times, Sunrise Buffet has possessed and enjoyed
4    sufficient control and authority to modify the Restaurant to remove impediments
5    to wheelchair access and to comply with the Americans with Disabilities Act
6    Accessibility Guidelines and Title 24 regulations.    Sunrise Buffet has not
7    removed such impediments and has not modified the Restaurant to conform to
8    accessibility standards.    Sunrise Buffet has intentionally maintained the
9    Restaurant in its current condition and has intentionally refrained from altering
10   the Restaurant so that it complies with the accessibility standards.

11         15.    Hubbard further alleges that the (continued) presence of barriers at
12   the Restaurant is so obvious as to establish Sunrise Buffet discriminatory intent.[1]
13   On information and belief, Hubbard avers that evidence of this discriminatory
14   intent includes Sunrise Buffet refusal to adhere to relevant building standards;
15   disregard for the building plans and permits issued for the Restaurant;
16   conscientious decision to the architectural layout (as it currently exists) at the
17   Restaurant; decision not to remove barriers from the Restaurant; and allowance
18   that the Restaurant continues to exist in its non-compliant state. Hubbard further
19   alleges, on information and belief, that Sunrise Buffet is not in the midst of a
20   remodel, and that the barriers present at the Restaurant are not isolated (or
21   temporary) interruptions in access due to maintenance or repairs.[2]

22                          VI. FIRST CLAIM

23              **Americans with Disabilities Act of 1990**

24            `Denial of "Full and Equal" Enjoyment and Use`

25         16.    Hubbard incorporates the allegations contained in paragraphs 1
26   through 15 for this claim.

27   _____

28   [1] E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
     [2] Id.; 28 C.F.R. § 36.211(b)

     *Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
     **Plaintiff's Complaint**

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.    Sunrise Buffet discriminated against Hubbard by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.    Here, Hubbard alleges that Sunrise Buffet can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Sunrise Buffet violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for Sunrise Buffet to remove the Restaurant's barriers, then Sunrise Buffet violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
Plaintiff's Complaint

1

<u>Failure to Design and Construct an Accessible Facility</u>

2       23.    On information and belief, the Restaurant was designed or

3 constructed (or both) after January 26, 1992—independently triggering access

4 requirements under Title III of the ADA.

5       24.    The ADA also prohibits designing and constructing facilities for

6 first occupancy after January 26, 1993, that aren't readily accessible to, and

7 usable by, individuals with disabilities when it was structurally practicable to do

8 so. 42 U.S.C. § 12183(a)(1).

9       25.    Here, Sunrise Buffet violated the ADA by designing or constructing

10 (or both) the Restaurant in a manner that was not readily accessible to the

11 physically disabled public—including Hubbard—when it was structurally

12 practical to do so.[3]

13

<u>Failure to Make an Altered Facility Accessible</u>

14       26.    On information and belief, the Restaurant was modified after

15 January 26, 1992, independently triggering access requirements under the ADA.

16       27.    The ADA also requires that facilities altered in a manner that affects

17 (or could affect) its usability must be made readily accessible to individuals with

18 disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering

19 an area that contains a facility's primary function also requires adding making

20 the paths of travel, bathrooms, telephones, and drinking fountains serving that

21 area accessible to the maximum extent feasible. <u>Id.</u>

22       28.    Here, Sunrise Buffet altered the Restaurant in a manner that violated

23 the ADA and was not readily accessible to the physically disabled public—

24 including Hubbard—to the maximum extent feasible.

25

26

27

28  [3]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
**Plaintiff's Complaint**

<u>Failure to Modify Existing Policies and Procedures</u>

29.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.   Here, Sunrise Buffet violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.   Hubbard seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.   Hubbard also seeks a finding from this Court (*i.e.,* declaratory relief) that Sunrise Buffet violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

VII. SECOND CLAIM

**Disabled Persons Act**

33.   Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
**Plaintiff's Complaint**

36.    Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.    Here, Sunrise Buffet discriminated against the physically disabled public—including Hubbard—by denying them full and equal access to the Restaurant.  Sunrise Buffet also violated Hubbard's rights under the ADA, and, therefore, infringed upon or violated (or both) Hubbard's rights under the Disabled Persons Act.

38.    For each offense of the Disabled Persons Act, Hubbard seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.    She also seeks to enjoin Sunrise Buffet from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40.    Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
Plaintiff's Complaint

44. Sunrise Buffet aforementioned acts and omissions denied the physically disabled public—including Hubbard—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hubbard by violating the Unruh Act.

46. Hubbard was damaged by Sunrise Buffet wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47. Hubbard also seeks to enjoin Sunrise Buffet from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Hubbard incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Hubbard alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
**Plaintiff's Complaint**

52.    Sunrise Buffet non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Hubbard and other persons with physical disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### X. PRAYER FOR RELIEF

WHEREFORE, Hubbard prays judgment against Sunrise Buffet for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Sunrise Buffet violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

5.    Interest at the legal rate from the date of the filing of this action.

DATED: July 29, 2008              DISABLED ADVOCACY GROUP, APLC



LYNN HUBBARD, III
Attorney for Plaintiff

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Hubbard v. Sunrise Buffet San Ysidro, Inc., et al.*
**Plaintiff's Complaint**

Page 11

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153510    — TC**

**July 31, 2008
10:17:15**

**Civ Fil Non-Pris**
USAO #.: 08CV1384
Judge..: LARRY A BURNS
Amount.:                $350.00 CC

**Total—>   $350.00**

FROM: BARBARA HUBBARD
        VS
        SUNRISE BUFFET

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

BARBARA HUBBARD

**DEFENDANTS**

SUNRISE BUFFET SAN YSIDRO, INC. dba SUNRISE BUFFET; FS SAN YSIDRO, LLC

**FILED**

JUL 3 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

LYNN HUBBARD, III   DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane  Chico, CA 95926   (530) 895-3252

Attorneys (If Known)

'08 CV 1384 LAB POR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL INJURY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 362 Personal Injury - Med. Malpractice | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 340 Marine | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 350 Motor Vehicle | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 355 Motor Vehicle Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 360 Other Personal Injury | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 463 Habeas Corpus - Alien Detainee | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 465 Other Immigration Actions | |
| | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
07/29/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153510   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TAC  7/31/08

CR